United States District Court
District of Maine

| | |
|---|---|
| Lynn Talbot<br><br>and<br><br>Stephanie Laite,<br><br>    Plaintiffs,<br><br>  v.<br><br>Knox County Board of Commissioners<br><br>and<br><br>Knox County District Attorney's Office,<br><br>    Defendants. | Civil No.: |

**Complaint and Demand for Jury Trial**

**Summary of Civil Rights Action for Unequal Pay and Sex Discrimination**

    1.    For more than two decades, Defendants Knox County Board of Commissioners and Knox County District Attorney's Office have paid female Plaintiffs Lynn Talbot and Stephanie Laite two to three dollars per hour less than a male employee who is responsible for substantially equal and comparable work.

    2.    Ms. Talbot and Ms. Laite raised pay equality concerns in 2011, 2016, 2024, and, in late 2024, filed a joint complaint of sex discrimination with the Maine Human Rights Commission.

    3.    Despite Ms. Talbot and Ms. Laite's efforts to remedy the situation, Defendants have and continue to discriminate against Ms. Talbot and Ms. Laite in violation of the Equal Pay

Act, Maine Equal Pay Law, Title VII of the Civil Rights Act of 1964, and Maine Human Rights Act.

4. Plaintiffs Lynn Talbot and Stephanie Laite bring this civil rights action for unequal pay and sex discrimination.

## Parties

5. Plaintiff Lynn Talbot is a female citizen of the United States and is a resident of Rockland, Knox County, Maine.

6. Plaintiff Stephanie Laite is a female citizen of the United States and is a resident of Union, Knox County, Maine.

7. Defendant Knox County Board of Commissioners is an elected board charged with overseeing the Knox County political subdivision, based in Rockland, Knox County, Maine.

8. Defendant Knox County District Attorney's Office is a department within the Knox County political subdivision of the State of Maine, based in Rockland, Knox County, Maine.

9. Defendants Knox County Board of Commissioners and Knox County District Attorney's Office are hereafter jointly referred to as "Knox County." Knox County currently employs approximately 114 employees, including Ms. Talbot and Ms. Laite.

## Jury Trial Demand

10. Under Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues triable to a jury.

**Jurisdiction and Venue**

11.This action arises under 29 U.S.C. § 206(d)(1); 26 M.R.S. §§ 628, 626-A; 42 U.S.C. § 2000e-2(a)(1); and 5 M.R.S. §§ 4553(2), 4572. This Court has proper federal question and supplemental jurisdiction over Plaintiffs' state claims under 28 U.S.C. §§ 1331, 1367.

12.Venue is proper in the District of Maine under 28 U.S.C. § 1391. Under Rule 3(h) of the Rules of this Court, this action is properly filed in Portland because the events giving rise to the claims occurred in Knox County.

**Factual Allegations Common to all Causes of Action**

13.Knox County hired Ms. Talbot as a Victim Witness Advocate ("VWA") in 1998 and Ms. Laite as a VWA in 1986.

14.Shane Riley, a male, was hired by Knox County as a Prosecutorial Assistant in 2000. Mr. Riley's title was subsequently changed to Prosecutorial Assistant /Investigator ("PA/I") in 2011.

15.Though not identical, the VWA and PA/I positions involve substantially equal and comparable skill, effort, and responsibility, performed under similar working conditions. Both positions also require similar training, education, and experience.

16.For example, both the VWAs and the PA/I are responsible for (a) reviewing police reports, (b) assisting with investigations and witness/victim contact, (c) conducting witness/victim interviews, (d) assisting with courtroom preparation, (e) drafting motions and other documents in advance of and for use in court proceedings, (f) reviewing and organizing case files, and (g) helping oversee the Victims of Crime grant.

17.There are, however, some duties assigned to the VWAs that the PA/I is not responsible for, including (a) dealing with defendants, victims, and witnesses when tensions are

3

high; (b) informing crime victims, their families, and witnesses of court procedures; (c) preparing victims and witnesses for court; (d) participating in other court proceedings, such as hearings on bail and sentencings; (e) communicating with prison and jail regarding inmate release and assisting victims with prisoner release forms; (f) preparing a bi-monthly grand jury schedule; and (g) assisting with Victims Compensation Board applications.

18. Both the VWA and PA/I positions require substantially equal and comparable skill. Individuals in both positions are required to conduct the same type of legal research, help with investigations into criminal activity, work closely with law enforcement and other members of the District Attorney's office, and are trained in scientific investigative aids.

19. Both the VWA and PA/I positions require substantially equal and comparable training. Both positions require two to three years of prior experience and a minimum two-year educational degree.

20. Both the VWA and PA/I positions require substantially equal and comparable effort. Neither position requires significant physical effort, but both positions involve potentially stressful interactions with defendants, witnesses, or victims. Further, neither the VWA nor PA/I positions entail supervisory responsibilities.

21. The working conditions for the VWAs and PA/Is are similar. Work is generally performed in an office environment, but both positions also require some travel to meet witnesses/victims.

22. All Knox County employees are paid according to a Pay Grade scale.

23. In 2011, following a wage study, Ms. Talbot and Ms. Laite learned that they would be placed at Pay Grade 10 when Mr. Riley would be placed at Pay Grade 14

24. Mr. Riley was aware of the wage study when Ms. Talbot and Ms. Laite were not.

25. Ms. Talbot and Ms. Laite raised their concerns about the pay discrepancy with then-District Attorney Geoffrey Rushlau, who agreed that Ms. Laite and Ms. Talbot were being paid less than Mr. Riley because of their sex.

26. On October 14, 2011, Mr. Rushlau wrote a letter of support to then-County Commissioner Andrew Hart, stating that "Stephanie and Lynn have given you reasons to equate their work with other positions in Pay Grade 14, and there is merit in that argument," though at the end of his letter Mr. Rushlau wrote that Mr. Hart "could eventually conclude that Pay Grade 13 [would be] a more appropriate level" for Ms. Talbot and Ms. Laite.

27. Ms. Talbot and Ms. Laite were subsequently placed at Pay Grade 13 while Mr. Riley remained at Pay Grade 14.

28. In 2016, Ms. Talbot and Ms. Laite were demoted to Pay Grade 12 without explanation. Meanwhile, Mr. Riley remained at Pay Grade 14.

29. Ms. Talbot sent a letter to Mr. Hart explaining that this was discriminatory. On September 26, 2016, Mr. Hart responded that Ms. Talbot and Ms. Laite would remain at Pay Grade 13 while any new VWAs hired after them would be placed at Pay Grade 12.

30. In 2024, Ms. Talbot and Ms. Laite again raised the issue of sex-based discrimination in a meeting with Human Resources Manager, Amber Christie.

31. In the meeting, Ms. Christie admitted that Mr. Riley's compensation was based, in part, on supervisory duties he did not have, but took no further action to remedy the pay discrepancy.

**Administrative Exhaustion**

32. On December 17, 2024, Ms. Talbot and Ms. Laite filed a joint complaint of sex discrimination against the Knox County Board of Commissioners and Knox County District Attorney's Office with the Maine Human Rights Commission.

33. Under 5 M.R.S. § 4612(6), on June 17, 2025, the Maine Human Rights Commission issued Notices of a Right to Sue to Ms. Talbot and Ms. Laite.

34. Pursuant to 5 M.R.S. § 4622, Ms. Talbot and Ms. Laite have satisfied one or more prerequisites to be awarded attorneys' fees and all available damages under the Maine Human Rights Act.

35. Ms. Talbot and Ms. Laite have exhausted all administrative remedies for all claims in this action that require administrative exhaustion.

## Legal Claims

### Count I – Denial of Equal Pay for Comparable Work in Violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1)

36. Plaintiffs repeat and re-allege each allegation by reference contained in all previous paragraphs.

37. Knox County failed to pay Ms. Talbot and Ms. Laite equal pay for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, in violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1).

38. As a result of Knox County's denial of equal pay, Ms. Talbot and Ms. Laite have suffered and will continue to suffer damages.

### Count II – Denial of Equal Pay for Comparable Work in Violation the Maine Equal Pay Law, 26 M.R.S. §§ 628, 626-A

39. Plaintiffs repeat and re-allege each allegation by reference contained in all previous paragraphs.

40. Knox County failed to pay Ms. Talbot and Ms. Laite equal pay for comparable work on jobs that have comparable requirements relating to skill, effort and responsibility, in violation of the Maine Equal Pay Law, 26 M.R.S. §§ 628, 626-A.

41. As a result of Knox County's denial of equal pay, Ms. Talbot and Ms. Laite have suffered and will continue to suffer damages.

### Count III – Sex Discrimination in Violation of Title VII, 42 U.S.C. § 2000e-2(a)(1)

42. Plaintiffs repeat and re-allege each allegation by reference contained in all previous paragraphs.

43. Knox County discriminated against Ms. Talbot and Ms. Laite on the basis of sex by paying them less than a comparable male employee, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1),

44. As a direct and proximate result of Knox County's discrimination, Ms. Talbot and Ms. Laite have suffered and will continue to suffer substantial and irreparable injury, including but not limited to emotional pain and distress, inconvenience, loss of enjoyment of life, injury to reputation, and other pecuniary and non-pecuniary losses.

### Count IV – Sex Discrimination in Violation of the Maine Human Rights Act, 5 M.R.S. §§ 4553(2), 4572

45. Plaintiffs repeat and re-allege each allegation by reference contained in all previous paragraphs.

46. The Knox discriminated against Ms. Talbot and Ms. Laite on the basis of sex by paying them less than a comparable male employee, in violation of the Maine Human Rights Act, 5 M.R.S. §§ 4553(2), 4572.

47. As a direct and proximate result of Knox County's discrimination, Ms. Talbot and Ms. Laite have suffered and will continue to suffer damage, including but not limited to emotional pain and distress, inconvenience, loss of enjoyment of life, injury to reputation, and other pecuniary and non-pecuniary losses.

**Wherefore**, Ms. Talbot and Ms. Laite request relief against Knox County Board of Commissioners and Knox County District Attorney's Office as follows.

(a) Enter declaratory relief that Defendants violated Ms. Talbot and Ms. Laite's statutory civil rights to be free of pay discrimination on the basis of sex.

(b) Enter injunctive relief ordering Defendants to:

  i. Provide effective civil rights training for all human resources employees and all supervisors on the requirement of applicable laws prohibiting employment discrimination because of sex and equal pay protection and complete this training within 60 days of the entry of Judgment for Injunctive Relief;

  ii. Provide this training for two years after the date judgment is entered to all new human resources and supervisory employees within 60 days of their starting position;

  iii. Maintain attendance sheets identifying each person who attended each training session and forward a copy of the attendance sheets to Ms. Talbot and Ms. Laite's counsel within seven days of each training session;

  iv. Post at the Knox County District Attorney's Office a copy of a remedial notice detailing the judgment in this case as well as the order providing injunctive relief; and

  v. Send a letter printed on Defendants' letterhead to all Knox County District Attorney's Office employees advising them of the judgment in this case, enclosing a copy of their policies regarding anti-discrimination and equal pay protection, and stating that they will not tolerate any such discrimination, and will take appropriate disciplinary action against any employee or agent who engages in such discrimination.

 (c) Award Ms. Talbot and Ms. Laite back pay for lost wages and benefits.

 (d) Award Ms. Talbot and Ms. Laite unpaid wages for unequal pay.

 (e) Award Ms. Talbot and Ms. Laite as liquidated damages in an amount equal to twice the amount of her unpaid wages for unequal pay.

 (f) Award Ms. Talbot and Ms. Laite compensatory damages in an amount to be determined at trial by the jury.

 (g) Award Ms. Talbot and Ms. Laite punitive damages in an amount to be determined at trial by the jury.

 (h) Award Ms. Talbot and Ms. Laite full expenses and reasonable attorney's fees.

 (i) Award Ms. Talbot and Ms. Laite pre-judgment interest.

 (j) Award such further relief as is deemed appropriate.

          Respectfully submitted,

Date: June 23, 2025      */s/ Melissa A. Hewey*
          Melissa A. Hewey

        Drummond Woodsum
        84 Marginal Way, Suite 600
        Portland, Maine 041101-2480
        (207) 253-0528
        MHewey@dwmlaw.com

        */s/ Blake E. McCartney*
        Blake E. McCartney
        Drummond Woodsum
        84 Marginal Way, Suite 600
        Portland, Maine 041101-2480
        (207) 253-0538
        BMcCartney@dwmlaw.com

        *Attorneys for Plaintiffs*